UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JACQUELYN J. HARRINGTON,

Plaintiff,

-against-

HARRINGTON GLOBAL OPPORTUNITY
FUND GROUP LIMITED; B OF A SECURITIES
INC.; CIBC MARKETS INC.; MERRILL LYNCH
CANADA INC.,

Defendants.

---

26-CV-2821 (GBD)

ORDER OF DISMISSAL

GEORGE B. DANIELS, United States District Judge:

Plaintiff brings this action *pro se*.  Plaintiff filed the original complaint on April 6, 2026, and, on April 10, 2026, without direction from the court, Plaintiff filed an amended complaint. (ECF No. 5.)  By order dated September 16, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.  The Court dismisses the amended complaint for the reasons set forth below.

## I.    BACKGROUND

Plaintiff Jacquelyn J. Harrington brings this action against Harrington Global Opportunity Fund Group Limited; B of A Securities Inc.; CIBC Markets Inc.; and Merrill Lynch Canada, Inc.[1] She states that the events giving rise to her claims occurred "online" on October 31, 2013.  (ECF No. 5, at 4.)  Plaintiff alleges that she has been[2]

---

[1] Plaintiff previously tried to intervene, by filing a summons and subpoena, in a securities action brought by Harrington Global Opportunity Fund, Ltd. against Bank of America Securities, Inc., CIBC World Markets, Inc., and others. *See Harrington Global Opportunity Fund, Ltd. v. BofA Securities, Inc.*, No. 21-CV-0761 (LGS) (VF).  By order dated April 10, 2026, Judge Lorna G. Schofield found that Plaintiff's filing in that action was procedurally improper because she was not a party in that action, had not been granted leave to intervene, and "[t]he fact that Ms. Harrington's last name is part of the name of one of the parties does not provide a basis for her to intervene." 21-CV-0761 ECF No. 623.

[2] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation are in

> human trafficked, drugged, raped, bought, sold, exploited, used[,] stolen from, frauded, framed for criminal activities, defamed, institutionally accused of mental illness without evaluation, discredited by false police reports of encarceration, criminal activity including, but not limited to prostitution and violence, falsely accused of child births and child abuse, discriminated falsely by accusations of my gender, orientation, race, religion, persecuted because I am an African-American, German, Romanian with Jewish ancestry, stalked, harassed, illegally implanted with electronic devices listed on the US Patents on the UNITED NATIONS website as directed energy weapons for targeted individuals.

(*Id.*)

Plaintiff claims she has been "targeted by satanic cults and had rituals performed on me, affiliates associated with Hollywood, TikTok, Richard Irwin Harrington of Watsford weaponized the local law enforcement, Department of Justice, Department of Education, Department of Health, the FBI, ICE, and the United Nations to strip away my constitutional rights." (*Id.*)

Plaintiff also alleges that her landlords, when she resided in California, "were bribed by Hollywood and Christian Harrington to have access to my studio apt to put hidden cameras, directed energy devices, tracking devices within my housing, to allow people to enter and steal from me, damage my belongings, steal personal information, copy car keys & apt lock keys[.]" (*Id.*) Her landlords also "paid people to befriend me or try to be my lover to transmit sexual diseases, gain access to my devices & personal information, and exploit me in any way, government confidential human sources raped & exploited me as well." (*Id.*)

Plaintiff further alleges,

> My identity, personal information, adoption agency information was hidden from me and my trust funds used to pay people to be in my life as false lovers, stalkers, harassers. The Dept of Education in New York pays street actors to harass me, use directed energy weapons to report and monitor my thoughts throughout their proximity and hack my devices to spoof, access my personal online accounts, use my IFP & IMEI to make it appear I am talking/texting/messaging someone or creating social media accounts on my email that is hacked.

---

the amended complaint unless noted otherwise.

2

(*Id.* at 5.)

In the section of the complaint form asking Plaintiff to state the relief she is seeking, she writes,

> Stolen mail, fake bank accounts in my name oof alias names, cryptocurrency stolen paychecks, social security benefits, medical benefits, child support, mortgages, leases, evictions on my identity, houses/businesses in my name and social security, intellectual property stolen physically, digitally, and through U.S. Patent mind listening devices, removal and uses of surrogacy of eggs, costs, funeral costs for murdered family members, trust funds since 1987, assets from Jeminez Harrington & Julia Mama Harrington's last will and testament, passport/visa[,] birth certificate, stolen fraud on all [illegible], overseas accounts with money and accruement inherited houses in Germany & Ireland, and inherited property.

(*Id.*)

## II.    STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

3

### III.    PLAINTIFF'S CLAIMS ARE FRIVOLOUS

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaint is premised upon her belief that she is the victim of a conspiracy by various governments and private actors to stalk and harass her, implant devices in her body, and steal her identity. A "[p]laintiff's beliefs—however strongly she may hold them—are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for her assertions that she was the victim of such a conspiracy. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (explaining that a complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp.

4

2d 259, 266 (W.D.N.Y. 2010) (stating that, even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

The Court finds that Plaintiff does not provide any plausible factual support for her claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff's allegations amount to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because her allegations were "irrational and wholly incredible").

The Court therefore dismisses the amended complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## IV.    LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that she is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (holding district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-

CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## V.    CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:    June 11, 2026
          New York, New York

GEORGE B. DANIELS
United States District Judge

6