UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACQUELYN J. HARRINGTON,

Plaintiff,

-against-

HARRINGTON GLOBAL OPPORTUNITY FUND GROUP LIMITED; B OF A SECURITIES INC.; CIBC MARKETS INC.; MERRILL LYNCH CANADA INC.,

Defendant(s).

26-CV-2821 (GBD)

ORDER

GEORGE B. DANIELS, United States District Judge:

Plaintiff filed this action *pro se*. On June 16, 2026, the Court dismissed the complaint as frivolous. (ECF 6.) The Clerk of Court entered judgment on June 17, 2026. (ECF 7.) On June 22, 2026, Plaintiff filed the following documents: (1) a "Motion to Amend" (ECF 12); (2) a declaration (ECF 11); (3) a "Motion to Appoint Counsel" (ECF 13); (4) a "Notice of Motion" seeking to appeal the Court's judgment (ECF 14); and (5) a "Notice of Motion" seeking an extension of time to file an appeal (ECF 15). On June 29, 2026, Plaintiff filed a notice of appeal. (ECF 17.) On June 29, 2026, the Clerk of Court transmitted the notice of appeal and the record on appeal to the United States Court of Appeals for the Second Circuit.

The Court liberally construes Plaintiff's Motion to Amend (ECF 12) and her declaration (ECF 11) as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (explaining that the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him" (citations omitted)).

This Court denies that motion. This Court also denies Plaintiff's motion for an extension of time to file an appeal as unnecessary and her motion for the appointment of counsel as moot.

## I. PLAINTIFF'S MOTIONS ARE DENIED

### A. Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal quotation and citations omitted)).

Plaintiff's motion is similar in style and substance to her complaint, which the Court dismissed as frivolous. Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Rule 59(e).

### B. Motion for an Extension of Time to File a Notice of Appeal

A party normally has 30 days from the entry date of the order or judgment being challenged to file a timely notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A). The Clerk of Court entered the judgment dismissing this action on June 17, 2026. (ECF 7.) Thus, under Rule 4(a)(1)(A), Plaintiff had 30 days from that date, or until July 17, 2026, to file a timely notice of appeal. Plaintiff filed

her notice of appeal on June 29, 2026, well before the expiration of the 30-day deadline. Plaintiff's notice of appeal is therefore timely. Accordingly, the Court denies Plaintiff's motion for an extension of time to file a notice of appeal as unnecessary. (ECF 15.)

### C. Request for counsel

Plaintiff filed a motion to appoint counsel under 18 U.S.C. § 3006A, a statute which concerns representation in criminal matters and is inapplicable to this action. The Court construes Plaintiff's motion as an application for the court to request *pro bono* counsel. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because the Court has dismissed this action and the case is closed, the Court denies Plaintiff's motion as moot.

## II. CONCLUSION

The Court denies Plaintiff's motion for reconsideration. (ECF 11, 12.)

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal as unnecessary. (ECF 15.)

The Court denies Plaintiff's application for the court to request *pro bono* counsel as moot. (ECF 13.)

The Clerk of Court is directed to terminate all motions in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 6, 2026
New York, New York

George B. Daniels

GEORGE B. DANIELS
United States District Judge